**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4172**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FEDERICO ESPINDOLA-PINEDA, a/k/a Frederico Espindola-Pineda,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:17-cr-00033-D-1)

Submitted: October 31, 2018                     Decided: December 11, 2018

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Federico Espindola-Pineda appeals his sentence after pleading guilty to illegal reentry of a removed alien under 8 U.S.C. § 1326(a) (2012). The district court, using the 2014 edition of the Sentencing Guidelines, sentenced Espindola-Pineda at the top of his Sentencing Guidelines range to seven months in prison, to run consecutively to any state sentence, and one year of supervised release. On appeal, Espindola-Pineda contends that the district court improperly used the 2014 Guidelines to calculate his sentence because his North Carolina conviction for conspiracy to traffic in methamphetamine was relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a) (2016), and the district court erred by not imposing his sentence to run concurrently with his North Carolina sentence under USSG 5G1.3(c) (2016). We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). "Pursuant to this standard, we review the district court's legal conclusions de novo and factual findings for clear error." *Id.* "Whether a crime constitutes 'relevant conduct' under the Guidelines is a factual question we review for clear error." *United States v. Robinson*, 744 F.3d 293, 300 (4th Cir. 2014).

We first address Espindola-Pineda's contention that the district court should have used the 2016 Guidelines during his sentencing. Espindola-Pineda did not object to the district court's use of the 2014 Guidelines; therefore, we review this claim for plain error. "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United*

2

*States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). "An error can be 'plain' only on the basis of settled law." *United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017). The Guidelines direct sentencing courts to use the manual in effect when the defendant is sentenced unless doing so would violate the Ex Post Facto Clause of the Constitution. USSG § 1B1.11(a), (b)(1); *see Peugh v. United States*, 569 U.S. 530, 532-33 (2013).

We conclude that the district court did not plainly err in utilizing the 2014 Guidelines when sentencing Espindola-Pineda. At the time of his sentencing, Espindola-Pineda had pleaded guilty to a state charge of conspiracy to traffic in methamphetamine and was serving a sentence of 70-93 months' imprisonment on that charge. He requested that the district court run his illegal reentry sentence concurrently to his state sentence. The district court denied that request.

The district court used the 2014 Guidelines due to a perceived ex post facto problem that would arise in using the 2016 Guidelines. Under the 2014 Guidelines, Espindola-Pineda was subject to a total offense level of six and a criminal history category of II, for a Guidelines range of one to seven months' imprisonment. Under the 2016 Guidelines, Espindola-Pineda's total offense level would have increased to 15, and his Guidelines range would have been 21 to 24 months. Espindola-Pineda contends that his state methamphetamine offense would have been relevant conduct under USSG § 1B1.3(a) (2016), because it would have been a specific offense characteristic under USSG § 2L1.2(b)(3) (2016), and the 2016 Guidelines would have mandated his illegal reentry sentence be run concurrent with the state sentence, for a shorter overall

3

incarceration period. Therefore, he argues that the district court plainly erred in using the 2014 Guidelines during his sentencing.

We disagree. The only relevant distinction between the two editions of the Guidelines is the addition of various specific offense characteristics to § 2L1.2 of the 2016 Guidelines. The 2016 Guidelines would have treated Espindola-Pineda's state offense as a specific offense characteristic that would have increased his total offense level by 10 points. However, contrary to Espindola-Pineda's belief, the 2016 Guidelines would not have recommended a concurrent sentence. The relevant Guidelines provision states:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instance offense shall be imposed . . . to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b)(2). Therefore, § 5G1.3(b) only applies to offenses that are relevant conduct under § 5G1.3. Commentary to § 5G1.3 explicitly notes that relevant conduct does *not* include any offense "for which the defendant received an increase pursuant to USSG § 2L1.2 (Unlawfully Entering or Remaining in the United States)." USSG § 5G1.3 cmt. n.2(B). Thus, Espindola-Pineda would not have received the benefit of a Guidelines recommendation that his illegal reentry sentence run concurrent to his state sentence under the 2016 Guidelines, and the district court did not plainly err in utilizing the 2014 Guidelines to avoid an actual ex post facto problem created by the increased sentencing range in the 2016 Guidelines.

4

Espindola-Pineda alternatively challenges his sentence as substantively unreasonable under the 2014 Guidelines. Sentences within or below a properly calculated Guidelines range are presumed reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Using the 2014 Guidelines, the district court correctly calculated Espindola-Pineda's Guidelines range as being one to seven months imprisonment. The district court used the § 3553(a) factors to explain that illegal reentry was a serious offense, that Espindola-Pineda should receive a punishment specific to this offense, and the need to deter him from illegally returning to the United States. After examining the record, we conclude that Espindola-Pineda has not rebutted the presumption that his sentence was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*